UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SULLIVAN WASHINGTON,
   Plaintiff,

   vs.                                    No. 08-1246,

CYNTHIA HOLBROOK, et.al.,
   Defendants

### MERIT REVIEW ORDER

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff, Sullivan Washington, has filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Illinois River Correctional Center. The plaintiff has named six defendants including Health Services Coordinator Cynthia Holbrook, Nurse Sherry Lynn, Dr. Seth Osafo, Health Services, Wexford Health Sources and the Illinois Department of Corrections. The plaintiff's complaint is in letter form, but clearly states that the defendants were deliberately indifferent to his serious medical condition when he was refused follow up care for a stroke and was not provided proper care for diabetes. The plaintiff says as a result, he is paralyzed on his right side.

      The plaintiff does not mention each of the defendants in his complaint. Therefore, the plaintiff must explain his specific claims against each defendant during the discovery process. Nonetheless, the plaintiff cannot sue Health Services, Wexford Health Sources or the Illinois Department of Corrections. The Eleventh Amendment prohibits a suit in federal court "in which the State or one of its agencies or departments is named as the defendant." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100(1984). *See also Kroll v. Board of Trustees of University of Illinois*, 934 F.2d 904, 907 (7th Cir.), cert. denied, 502 U.S. 941(1991). The plaintiff has failed to state an official capacity claim and has failed to articulate any claim against Wexford Health Sources. Therefore, the court will dismiss these three defendants.

      The court notes that counsel has entered his appearance for the plaintiff and the plaintiff's motion for leave to proceed *in forma pauperis* has been granted. The court will allow the plaintiff to proceed *in forma pauperis* for the purpose of service of process.

**IT IS THEREFORE ORDERED that:**

1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claim: Defendants Holbrook, Lynn and Osafo violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to the plaintiff's serious medical condition.

2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. Therefore, the clerk is directed to dismiss Defendants Health Services, Wexford Health Source and Illinois Department of Corrections for failure to state a claim upon which relief can be granted.

3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

7) Although plaintiff has counsel, plaintiff will be allowed to proceed *in forma pauperis* for the purpose of service of process. Therefore, the clerk must send Notice of Lawsuit and Waiver of Service forms to the surviving defendants.

Entered this 25th Day of September, 2009.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE